**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | Cause No. 5:13-CR-20-RWS-JBB |
| | § | |
| **DEMONTA KEVONTA ESKEW** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On February 14, 2024, the Court held a preliminary hearing on the Government's Petition to Revoke Supervised Release, along with a revocation hearing and a detention hearing. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Jeffrey Harrelson.

**BACKGROUND**

Demonta Kevonta Eskew ("Defendant") was sentenced on September 24, 2014, before The Honorable Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Enticement of a Minor, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of 1, was 121 to 151 months. Defendant was subsequently sentenced to 135 months imprisonment followed by 10 years supervised release subject to the standard conditions of release, plus special conditions to include Mandatory Drug Testing; Mandatory DNA; financial disclosure to verify employment; testing and treatment for drug abuse; comply with Sex Offender Registration; sex offender treatment and testing; restrictions from contact with minors; restrictions from internet and internet-capable devices; computer monitoring requirements; restrictions from cameras and photo equipment; restrictions from sexually explicit

1

material; sex offender search; and financial disclosure for computer monitoring. On August 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On December 7, 2020, Defendant's case was reassigned to The Honorable Robert W. Schroeder, III. On June 6, 2023, the Court ordered a modification of conditions to include placement in a residential reentry center immediately upon release. On September 12, 2023, the Court ordered an additional modification of conditions to include MH treatment and medication.

## PETITION TO REVOKE

In its petition to revoke (Dkt. No. 63), the Government alleges Defendant violated the following conditions:

**1) Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On October 19, 2023, while at the Tyler U.S. Probation Office, officers from the Tyler Police Department verified that Defendant's driver's license had been revoked, and he was instructed by officers not to drive a motor vehicle. On October 22, 2023, Defendant was issued a Class C traffic citation for "No Driver's License" and "Passing Illegally" by the Atlanta Police Department in Atlanta, Texas after his involvement in a vehicle crash.

**2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges that Defendant was instructed by the probation officer to report to the U.S. Probation Office on October 5, 2023, for the purpose of enrollment in the random drug testing program. Defendant failed to report to the probation office as directed.

**3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** Specifically, the Government alleges that Defendant was instructed to be home at his residence at 1240 Thompson Lane, #42, Tyler, Texas 75704 on

the morning of October 28, 2023, for the purpose of a home visit. Defendant failed to be home as instructed.

**4) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. Defendant shall pay any cost associated with treatment and testing. Should Defendant fail to pay as directed, Defendant shall perform 3 hours of Community Service for each unpaid session.** Specifically, the Government alleges that Defendant was discharged unsuccessfully from sex offender treatment on October 27, 2023, for failing to comply with treatment rules, as reported by his sex offender treatment provider. Specifically, Defendant failed to report to weekly group treatment and failed to report for a sex offender evaluation on two different occasions as directed by the treatment provider, among other rule violations.

**5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with the treatment and testing.** Specifically, the Government alleges that on October 30, 2023, Defendant failed to report to the designated testing site in Tyler, Texas for a scheduled drug test, as reported by the treatment provider.

## HEARING TESTIMONY

The Court scheduled a preliminary hearing on February 14, 2024. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. After consenting to the undersigned's taking the plea, Defendant pled true to all five allegations as set forth in the petition.

Because the parties disagreed on the recommended sentence, the Government called Ashley McKinney, a United States Probation Officer, as a witness.

McKinney testified that she began to supervise Defendant on August 30, 2023, following Defendant's release from prison. According to McKinney, after Defendant was released from a residential reentry center, Defendant was homeless for a period of time until he attained a private residence in Tyler, Texas, at which time Defendant started having trouble with compliance with supervised release. Defendant had multiple job changes that he failed to report. Defendant also failed to report to the probation office as instructed in early October 2023. When asked about his absence, Defendant claimed that he forgot. According to McKinney, Defendant may have had transportation issues during this time. During cross examination, McKinney indicated there were a number of times when Defendant did comply with the probation officer's requests.

On October 18, 2023, Defendant was scheduled to have a home visit with McKinney, but he was not home when the probation officer arrived. According to McKinney, when Defendant arrived over two hours later, he appeared to be under the influence, his behavior was erratic, and he seemed to be confused. When McKinney asked Defendant if he was under the influence of any substance, Defendant just laughed.

On October 19, 2023, a treatment provider contacted McKinney, advising that Defendant reported for a drug test and was acting in the same erratic manner. According to McKinney, paramedics were contacted but were unable to determine the extent of Defendant's condition. The probation office contacted the Tyler Police Department. After testing, the law enforcement officers determined that Defendant exhibited signs of being under the influence of intoxicants. The officers further verified that Defendant's driver's license had been revoked. Defendant was instructed not to operate a motor vehicle until the probation office decided how to handle the situation.

Case 5:13-cr-00020-RWS-JBB   Document 71   Filed 02/20/24   Page 5 of 9 PageID #: 277

The following week, McKinney was informed that Defendant had been involved in a vehicle accident in Atlanta, Texas while operating a motor vehicle. McKinney was informed by the Atlanta Police Department that Defendant had been issued traffic citations on October 22, 2023 for "No Driver's License" and "Passing Illegally."

McKinney further testified that Defendant was unsuccessfully discharged from sex offender treatment. McKinney noted that Defendant had requested mental health treatment on his own. However, on October 30, 2023, the mental health treatment provider requested by Defendant reported that she had been unable to reach Defendant and thus was unable to schedule an evaluation.

McKinney recommended that Defendant's supervised release be revoked, that Defendant be imprisoned for a term of six months, and that Defendant thereafter be placed on supervised release for ten years, the first part of which could be served in a community correctional facility until such time as a future private residence could be approved. McKinney confirmed that Defendant is not current on his sex offender registration.

## RECOMMENDATION

Defendant admitted he violated the five conditions identified in the petition within the first two months of his release. The sentencing guidelines recommend a range of imprisonment of 3-9 months, followed by a term of supervised release, not to exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised released less any term of imprisonment that was imposed upon revocation of supervised release. Given the immediacy of the violations and Defendant's actions that communicate he does not fully appreciate the seriousness of the underlying offense, revocation and detention are appropriate. However, there was evidence that Defendant tried to comply with his conditions at certain times, and proactively

5

requested mental health treatment, which shows the sentence should be at or below the low-end of the guideline range.

* * *

*Revocation Hearing*

Based upon Defendant's plea of true to the above allegations, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Having further considered the testimony presented at the February 14, 2024 hearing, the Court recommends that Defendant's term of supervised release be revoked and that sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of two (2) months, with ten (10) years of supervised release to follow said term of imprisonment, the first six months of which to be served in a community correctional center.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is authorized to reside, unless the probation officer instructs him to report to a different probation office or within a different time frame. While on supervised release, Defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within fifteen days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court. Defendant shall also comply with the following special conditions.

1. You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Upon securing a suitable residence approved the U.S. Probation Officer, you shall be released from the facility.

2. You must provide the probation officer with access to any requested financial information for purposes of monitoring gainful employment.

3. You must not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

4. You must refrain from the use of any intoxicants while on supervision.

5. You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

6. You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

7. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

8. You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

9. You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer.

10. You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

11. You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with

    reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

12. You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials. If you need access to an Internet equipped device for employment purposes, you must advise your probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history and you must agree to use the device for work purposes only.

13. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

14. You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage. You must advise anyone in your household that may use any computer in question that monitoring software has been installed.

15. You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.

16. You must provide the probation officer with access to any requested financial information for purposes of monitoring your compliance with the imposed computer access/monitoring conditions.

*Detention Hearing*

    A magistrate judge may release or detain a person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person. FED. R. CRIM. P. 32.1(a)(6).

Defendant has failed to show by clear and convincing evidence that he is not a danger to the community. Defendant was not able to overcome testimony regarding his driving without a license, possible drug use, statements minimizing the seriousness of the crime, difficulty in U.S. Probation locating his residence, and that Defendant is not current on his sex offender registration.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of two (2) months, with ten (10) years of supervised release to follow said term of imprisonment, the first six months of which to be served in a community correctional center.

The parties were informed of the right to file objections to the recommendations as set forth above within fourteen days. Neither Defendant nor the Government waived the right to object.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. However, Defendant did not sign a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 20th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE