**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:13-CR-20-RWS-JBB** |
| | § | |
| **DEMONTA KEVONTA ESKEW** | § | |

## <u>MEMORANDUM ORDER</u>

The above-entitled and numbered criminal action was heretofore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains his proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant Demonta Kevonta Eskew ("Defendant") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## <u>REPORT AND RECOMMENDATION</u>

On February 14, 2024, the Magistrate Judge conducted a hearing on the Government's petition for revocation of supervised release. Docket No. 63. Defendant attended the combined probable cause, detention, and revocation of supervised release hearing with his appointed counsel and entered a plea "true" to the allegations contained in the petition.

Following the hearing, the Magistrate Judge filed a Report and Recommendation ("R&R"), recommending Defendant's supervised release be revoked.  Docket No. 71. After hearing arguments of counsel and the testimony of U.S. Probation Officer Ashley McKinney, the Magistrate Judge recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of two (2) months, with ten (10) years of supervised release to

1

follow said term of imprisonment, the first six months of which to be served in a community correctional center.

## DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's findings in the R&R "that Defendant's supervised release should be revoked instead of modified *and* the 2-month BOP and 6 month correctional center sentence imposed following said revocation." Docket No. 72 at 1 (emphasis original). Defendant submits, based on the testimony at the hearing, that Defendant's supervised release should be modified instead of revoked and that Defendant should not be required to be imprisoned for two months or subsequently placed in a community correctional center for six months. *Id.* at 2. According to Defendant, because he tried to comply with his conditions at certain times and proactively requested mental health treatment, he should be provided mental health treatment without an additional term of imprisonment. *Id.* Defendant further objects to the Magistrate Judge's finding in the detention hearing portion of the R&R "that Defendant be detained, as the evidence presented at the hearing supported a finding that Defendant will not flee or pose a danger to any other person or the community by the required clear and convincing burden on Defendant." *Id.*

## *DE NOVO* REVIEW

At the combined hearing, Defendant pled true to the allegations contained in the Government's petition. The Court, having reviewed the Government's petition, the Report and Recommendation, and Defendant's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct. There is sufficient evidence to revoke Defendant's supervised release.

Defendant's advisory sentencing range under the United States Sentencing Guidelines is three to nine months. The Magistrate Judge recommended a sentence at or below the lower end of that range because Defendant tried to comply with his conditions at certain times and proactively requested mental health treatment. Docket No. 71 at 5-6. However, considering the immediacy of the violations and further considering that the Defendant's actions communicated he does not fully appreciate the seriousness of the underlying offense, the Magistrate Judge concluded that revocation and detention are appropriate. *Id*. Based on the record, the Court agrees with the recommended sentence. Mr. Askew will have his supervised release revoked and be sentenced accordingly by separate judgment.[1]

Regarding detention, the defendant bears the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community. FED. R. CRIM. P. 32.1(a)(6). The Magistrate Judge concluded that Mr. Eskew did not meet that burden because was not able to overcome testimony regarding his driving without a license, possible drug use, statements minimizing the seriousness of the crime, difficulty in U.S. Probation locating his residence, and that Defendant is not current on his sex offender registration. Based on a review of the record, the Court agrees with that conclusion, and nothing in Defendant's objections counsels a different result. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

---

[1] Defendants are entitled to be present and to address the Court before it imposes sentence following revocation of supervised release. *United States v. Rodriguez*, 23 F.3d 919, 921 (5th Cir. 1994). However, Defendant filed a waiver of allocution, where Defendant "waives [his] opportunity to allocate to the District Court in support of the aforementioned Objections." Docket No. 74 at 1. Accordingly, the Court will enter judgment based on the record.

**ORDERED** that Defendant's plea of true to the allegations set forth in the Government's petition (Docket No. 63) is **ACCEPTED**. It is further

**ORDERED** that Defendant's supervised release is **REVOKED** and Defendant is **detained** for further proceedings.  The Court will enter judgment forthwith.

**IT IS SO ORDERED**.

**SIGNED this 20th day of March, 2024.**

*Robert W Schroeder III*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE