UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §    CASE NO. 5:13-CR-20-RWS-JBB |
| | § |
| DEMONTA KEVONTA ESKEW (1) | § |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On October 9, 2025, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 90. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Jake Potter.

**BACKGROUND**

Demonta Kevonta Eskew ("Defendant") was sentenced on September 24, 2014, before The Honorable U.S. District Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Enticement of a Minor, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Defendant was subsequently sentenced to 135 months imprisonment followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug testing, financial disclosure, sex offender registration, sex offender treatment, no contact with minors, computer monitoring, restriction from sexually explicit material, and searches. On August 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On December 7, 2020, Defendant's case was reassigned to The Honorable Robert W. Schroeder. On June 6, 2023, Defendant's conditions were modified to include placement in a residential reentry center for 180 days, or until a suitable residence could be established. On

September 12, 2023, Defendant's conditions were modified to include mental health treatment and medication.

On February 14, 2024, Defendant's initial term of supervised release was revoked, and he was ordered to serve 2 months imprisonment followed by a 10-year term of supervised release. On April 8, 2024, Defendant completed his period of imprisonment and began service of the subsequent supervision term.

On June 27, 2024, Defendant's second term of supervised release was revoked, and he was sentenced to 9 months imprisonment followed by 8 years of supervised release. On March 25, 2025, Defendant completed his period of imprisonment and began service on the current supervision term.

On September 10, 2025, a Petition for Warrant or Summons for Offender Under Supervision was filed regarding the allegations against Defendant.

## AMENDED PETITION TO REVOKE

In its amended petition for warrant or summons for offender under supervision (Dkt. No. 90), the Government alleges Defendant violated the following conditions:

1) **Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which Defendant resides, works, is student, or was convicted of a qualifying offense.** Specifically, the Government alleges that on March 26, 2025, Defendant signed an Offender Notice and Acknowledgment of Duty to Register as a Sex Offender which instructed him he shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one

jurisdiction in which he is registered and inform that jurisdiction of all changes in the information required

2) **Defendant must not commit another federal, state or local crime.** Specifically, the Government alleges that on August 22, 2025, Demonta Eskew stopped residing in Hutchins, Texas and began residing in Dallas, Texas (homeless). As of this writing, Mr. Eskew failed to deregister with the Hutchins Police Department, and he has failed to register with the Dallas Police Department. This is also in violation of the Texas Code of Criminal Procedure § 62.102

3) **After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.** Specifically, the Government alleges that:

- On August 26, 2025, Eskew was instructed to report to the U.S. Probation Office, Plano, Texas on August 28, 2025. Eskew failed to report as instructed.

- On September 2, 2025, Eskew advised this officer via text message that he would be reporting to the U.S. Probation Office this date. He failed to report.

- On September 5, 2025, Eskew called this officer and stated he would be reporting to the U.S. Probation Office this date. He failed to report.

4) **Defendant must live at a place approved by the probation officer. If Defendant plans to change where he live or anything about your living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that on August 25, 2025, Defendant advised the U.S. Probation Office that he was living at the Union Gospel Mission Homeless Shelter in Dallas,

Texas. On September 4, 2025, the U.S. Probation Office attempted to conduct a home visit at this location. Defendant was advised of this home visit via text message on September 3, 2025, due to him not answering his phone and voicemail being unavailable. On September 4, 2025, contact was made with a Union Gospel Mission employee who advised there has never been a person named Demonta Eskew registered to reside there, and they have no record of Defendant receiving services.

5) **Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Officer, Defendant shall be released from the facility.** Specifically, the Government alleges that on August 22, 2025, Defendant was unsuccessfully discharged from the residential reentry center after having a verbal argument and outburst.

6) **Defendant must participate in a sex offender treatment program. Defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing. Should Defendant fail to pay as directed, Defendant must perform 3 hours of community service for each unpaid session.** Specifically, the Government alleges that Defendant failed to attend sex offender treatment on September 2 and September 9, 2025. He was unsuccessfully discharged on September 10, 2025.

## RECOMMENDATION

The Court scheduled a final revocation hearing on October 9, 2025. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the

undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the amended petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's amended petition. The Court, having considered the recommendation of the United States Probation Office as well as the applicable U.S. Sentencing Commission Guidelines recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months with an eight (8) year term of supervised release to follow, the first six (6) months of which to be served in a residential reentry program.

All prior conditions of supervised release should be reimposed. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is authorized to reside, unless the probation officer instructs him to report to a different probation office or within a different time frame. While on supervised release, Defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within fifteen days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court. Defendant shall also comply with the following special conditions.

1. You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Upon securing a suitable residence approved the U.S. Probation Officer, you shall be released from the facility.

2. You must provide the probation officer with access to any requested financial information for purposes of monitoring gainful employment.

3. You must not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

4. You must refrain from the use of any intoxicants while on supervision.

5. You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

6. You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

7. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

8. You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

9. You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer.

10. You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

11. You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with

reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

12. You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials. If you need access to an Internet equipped device for employment purposes, you must advise your probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history and you must agree to use the device for work purposes only.

13. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

14. You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage. You must advise anyone in your household that may use any computer in question that monitoring software has been installed.

15. You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.

16. You must provide the probation officer with access to any requested financial information for purposes of monitoring your compliance with the imposed computer access/monitoring conditions.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the amended petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months with an eight (8) year term of supervised release to

follow, subject to all of the previously imposed conditions of release. The first six (6) months of the term of supervised release is to be served in a residential reentry program.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence. Defendant opted instead to speak to the undersigned at the revocation hearing.

SIGNED this the 10th day of October, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE